UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN ABELARD and GEUERDA ABELARD as Administrators and Prosequendum for the Estate of MARVEN ABELARD,<br><br>Plaintiffs,<br><br>v.<br><br>CLEAN EARTH, INC., SANDVIK, INC., AND ABC CORPS 1-10 (fictitious entities);<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. _____ |

# NOTICE OF REMOVAL

Defendant Sandvik, Inc., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of the civil action known as *Jean Abelard et. al. v. Clean Earth, Inc., et. al.*, Case No. L-2399-16 (the "Superior Court Action"), from the Superior Court of New Jersey Law Division, Union County, to the United States District Court for the District of New Jersey, Newark Division, and in support thereof, states as follows:

## BACKGROUND

1.

Plaintiffs Jean Abelard and Geuerda Abelard, as Administrators and Prosequendum for the Estate of Marven Abelard ("Plaintiffs"), filed a Superior Court Action on July 25, 2016, naming Clean Earth, Inc., Sandvik, Inc. and ABC Corps 1-10 (fictitious entities) as Defendants.  A copy of Plaintiffs' "Complaint and Jury Demand" (the "Complaint") along with all Superior Court filings now appearing of record are attached hereto as Exhibit A.

2.

Sandvik, Inc. was served with the summons and a copy of the Complaint on August 1, 2016.  This Notice of Removal is filed within 30 days after receipt by Sandvik, Inc. through service of the Complaint setting forth the claims for relief upon which this action is based and, therefore, it is timely within the provisions of 28 U.S.C. §1446(b).

## PARTIES

3.

Upon information and belief, Plaintiffs are citizens of the state of New Jersey.

4.

Upon information and belief, Clean Earth, Inc. ("Clean Earth") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

5.

Sandvik, Inc. is a Delaware corporation with its principal place of business in New Jersey.  However, as explained below, Sandvik, Inc.'s citizenship must be disregarded for the purposes of removal because Sandvik, Inc. is an improper party to this action.  More specifically, had Plaintiffs named the U.S. Sandvik sales party in interest, this action would be plainly removable.

**GROUNDS FOR REMOVAL**

6.

The above-described action is a civil action which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and § 1446, because the true parties in interest are citizens of different states and the amount in controversy exceeds $75,000.00.

7.

As illustrated below and based on Plaintiffs' allegations, the U.S. Sandvik sales party in interest is Sandvik Mining and Construction USA, LLC ("SMC, USA").  On or about February 25, 2013, Screen Service Technology, Inc. d/b/a Advanced Equipment/Eastern ("Advanced Equipment") ordered a QE440 Mobile

Scalping Screener Unit (the "Screener") from SMC, USA, a Delaware corporation with its principal place of business in Florida. (<u>Exhibit B</u>, Declaration of Gary Hohenberger ("Hohenberger Decl."), ¶ 3-4). SMC, USA purchased the Screener directly from the manufacturer, Sandvik Construction Mobile Crushers and Screens, LTD, a U.K. entity. (Hohenberger Decl., ¶ 4).

8.

Advanced Equipment is a distributor that is unrelated to Sandvik, Inc. Upon information and belief, Advanced Equipment sold the Screener to Clean Earth. (Hohenberger Decl., ¶ 5-6).

9.

Sandvik, Inc. is a corporate entity with the principal function of providing certain administrative services to various Sandvik entities. (Hohenberger Decl., ¶ 7). Sandvik, Inc. had no involvement in the sale of the Screener to Clean Earth. (Hohenberger Decl., ¶ 8). Moreover, Sandvik, Inc. did not design, manufacture, test, distribute, market, supply, inspect, maintain or repair the Screener at issue. (Hohenberger Decl., ¶ 9). Nor does Sandvik, Inc. sell, design, manufacture, test, distribute, market, supply, inspect, maintain or repair any Sandvik branded equipment. (Hohenberger Decl., ¶ 10).

10.

Because Plaintiffs assert claims for strict liability, negligence and wrongful death related to the Screener, the sales entity and the U.S. Sandvik sales party in interest in this case is SMC, USA, the entity that sold the Screener to Advanced Equipment, which entity then, upon information and belief, sold the Screener to Clean Earth, where Mr. Abelard worked with the machine.

11.

As set forth above in Paragraphs 3 and 4, Plaintiffs are citizens of New Jersey and Clean Earth is a citizen of Pennsylvania. Consequently, complete diversity of citizenship exists between Plaintiffs and Clean Earth.

12.

Furthermore, had the true U.S. Sandvik sales party in interest been named in the Complaint, complete diversity of citizenship would also exist between Plaintiffs and SMC, USA because Plaintiffs are citizens of New Jersey and SMC, USA is a citizen of Delaware and Florida.

13.

Sandvik, Inc.'s presence in the instance case should be disregarded for the purposes of removal under the theory of fraudulent joinder.

14.

Fraudulent joinder can be established when a "plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant." *Slaske v. I-Flow Corp.*, No. CIV.A.09-3963 (MLC), 2010 WL 2516574, at *3 (D.N.J. June 11, 2010).

15.

As set forth above, Plaintiffs have no reasonable basis in fact or any colorable ground to support their claims against Sandvik, Inc., given that Sandvik, Inc. did not sell, design, manufacture, test, distribute, market, supply, inspect, maintain or repair the Screener. To the extent Plaintiffs intend to prosecute the instant action against Sandvik, Inc., such prosecution would not be in good faith.[1]

16.

Although Plaintiffs also named several fictitious entities as Defendants (ABC Corps. 1-10), fictitious entities are not considered for purposes of removal. *Davis v. Yates*, No. 15-CV-6943 (KM)(JBC), 2016 WL 3921146 (D.N.J. July 20,

---

[1] Naming Sandvik, Inc. as a party is potentially just a mistake on behalf of Plaintiffs. However, the theory of fraudulent joinder still applies since there is no reasonable basis in fact or law for Plaintiffs to prosecute their claims against an entity that had absolutely no involvement with the Screener at issue.

6

2016); *Uddin v. Sears, Roebuck & Co.*, No. CIV.A. 13-6504 JLL, 2014 WL 316988 (D.N.J. Jan. 27, 2014).

17.

Removal is also appropriate because the amount in controversy exceeds $75,000.00.

18.

Plaintiffs do not assert a specific value for their claims on the face of the Complaint. In such situations, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *see also Faltaous v. Johnson & Johnson*, No. CIV.A. 07-1572JLL, 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007) (same). When sought, attorney's fees must also be considered in the jurisdictional analysis. *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) ("This Court must also consider attorney's fees, which can be significant.").

19.

This is a wrongful death case. Plaintiffs assert claims for strict liability, negligence, and wrongful death of their twenty-seven year old son, seeking compensatory damages for pain, suffering, emotional distress, medical expenses, lost wages, other economic losses and interest. Plaintiffs also assert a negligent

training claim against Clean Earth, a survivor claim under the New Jersey Survivor's Act, and seek recovery of attorney's fees. (*See generally*, Compl.).

20.

Based on these facts, a reasonable reading of the Complaint confirms that the value of damages sought by Plaintiffs exceeds the $75,000.00 jurisdictional threshold.

21.

Clean Earth, Inc. consents to removal of this action.

22.

Given that the Court has original jurisdiction as shown above, removal of this action is proper under 28 U.S.C. § 1446 because this Notice of Removal is being filed within thirty (30) days of service of the Complaint on Sandvik, Inc. and is being filed within one (1) year of the date of commencement of the action for removal purposes.

23.

Venue for removal of this action to this Court is proper because it is the district court of the United States for the district and division in which the state civil action being removed is pending within the meaning of 28 U.S.C. § 1441 and § 1446(a).

24.

Notice of Filing of the instant Notice of Removal will be contemporaneously filed with the Superior Court of New Jersey Law Division, Union County. A copy of the filing with the Superior Court is attached hereto as <u>Exhibit C</u>.

WHEREFORE, Sandvik, Inc. respectfully requests that the entire action referred to hereinabove proceed in the United States District Court for the District of New Jersey, Newark Division, and that no further proceeding be held in said case in the Superior Court of New Jersey Law Division, Union County.

Dated: August 30, 2016　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SILLS CUMMIS & GROSS P.C.

　　　　　　　　　　　　　　　　　　　　By:　<u>s/ Beth S. Rose</u>
　　　　　　　　　　　　　　　　　　　　　　　Beth S. Rose
　　　　　　　　　　　　　　　　　　　　　　　The Legal Center
　　　　　　　　　　　　　　　　　　　　　　　One Riverfront Plaza
　　　　　　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Sandvik, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2016, I caused to be served a true and correct copy of Defendant's Notice of Removal by U.S. Mail, first-class, postage prepaid, and addressed to the following counsel and party of record:

| | |
|---|---|
| David Mazie, Esq.<br>Mazie Slater Katz & Freeman, LLC<br>103 Eisenhower Parkway<br>Roseland, NJ 07068<br>*Attorneys for Plaintiffs* | Eric S. Aronson, Esq.<br>Greenberg Traurig<br>500 Campus Drive<br>Suite 400<br>Florham Park, NJ 07932-0677<br>*Attorneys for Clean Earth, Inc.* |

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

s/ Beth S. Rose<br>BETH S. ROSE

Dated: August 30, 2016