# EXHIBIT A

David A. Mazie, Esq. (ID#: 017941986)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs

| | |
|---|---|
| JEAN ABELARD and GEUERDA ABELARD as Administrators ad Prosequendum for the Estate of MARVEN ABELARD,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEAN EARTH, INC., SANDVIK, INC. and ABC CORPS 1-10 (fictitious entities);<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO. UNN-L-2399-16<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEAMND** |

Plaintiffs, Jean Abelard and Geuerda Abelard, as Administrators ad Prosequendum for the Estate of Marven Abelard, by way of Complaint against the defendants, allege and say:

### THE PARTIES

1. Defendant Clean Earth, Inc. ("Clean Earth") is one of the largest processors of contaminated soils, dredged sediments, drill cuttings, industrial non-hazardous wastes, aerosol cans, consumer commodities, and hazardous wastes. Clean Earth maintains its principal place of business in Hatboro, Pennsylvania, but also has a location at 24 Middlesex Avenue, Carteret, New Jersey.

2. Defendant Sandvik, Inc. ("Sandvik") is Sandvik is a high-tech and global engineering company and a leading supplier in equipment for the mining and construction industries. Sandvik maintains its principle place of business at 1702 Nevins Road, Fair Lawn, New Jersey.

3. ABC Corps 1-10 are fictitious entities (identities currently unknown) who were involved in designing, manufacturing, repairing, maintaining, selling and/or marketing the Sandvik machine which injured plaintiff and/or in training plaintiff on the machine.

4. On May 2, 2016, Marven Abelard was employed by Intelligent Resource Group ("Intelligent Resource"), a temporary employment agency. Intelligent Resource Group had placed Mr. Abelard at Clean Earth. Clean Earth was responsible for all machinery in its facility and for training Mr. Abelard and others coming into contact with that machinery. While Mr. Abelard was working with one of the machines manufactured by Sandvik (reportedly a Sandvik QE440), he was sucked into the machine and subsequently asphyxiated to death.

5. On May 27, 2016, Marven Abelard's parents, Jean Abelard and Geuerda Abelard were appointed administrators ad prosequendum with authority to prosecute this lawsuit.

## FIRST COUNT

1. Plaintiffs repeat and reallage all allegations heretofore pled.

2. The Sandvik machine and/or its component parts were manufactured, designed, tested, advertised, marketed, distributed and/or sold by Sandvik and/or ABC Corps. 1-10, and were dangerously defective, unfit and unsafe for its intended and reasonably foreseeable uses in that the machine did not safeguard against workers being sucked into it, nor contained an automatic kill switch. Plaintiff's injuries and death are the result of manufacturing and/or warning and/or design defects. As a result of the foregoing, defendants Sandvik and ABC Corps. 1-10 are strictly liable in tort for their wrongful conduct pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et. seq.

3. As a direct and proximate result of the Sandvik machine and/or its component parts being defectively designed, manufactured, tested, distributed, marketed, supplied,

inspected, improperly maintained, improperly repaired, and/or sold by the defendants Sandvik and/or ABC Corps. 1-10, plaintiff was injured and ultimately died.

WHEREFORE, plaintiffs Jean and Geuerda Abelard as administrators of the Estate of Marven Abelard, demand judgment against defendants Sandvik and ABC Corps. 1-10, jointly and severally for:

(a) Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

(b) Interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as is just and equitable.

## SECOND COUNT

1. Plaintiffs repeat and reallege the allegations heretofore plead.

2. Clean Earth and/or ABC Corps. 1-10 were responsible for maintaining and/or repairing the subject machine and/or its component parts, and they were negligent in their maintenance/repair of the machine.

3. As a direct and proximate result of Clean Earth and/or ABC Corps. 1-10 negligently maintaining/repairing the Sandvik machine, plaintiff was injured and ultimately died.

WHEREFORE, plaintiffs Jean and Geuerda Abelard as administrators of the Estate of Marven Abelard, demand judgment against defendants Clean Earth and ABC Corps. 1-10, jointly and severally for:

(a) Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

(b) Interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as is just and equitable.

### THIRD COUNT

1. Plaintiffs repeat and reallege the allegations heretofore plead.

2. Clean Earth and/or ABC Corps. 1-10 were responsible for training/warning Mr. Abelard regarding use of the subject machine. Clean Earth and/or ABC Corps. 1-10 were negligent in their training of Mr. Abelard.

3. As a direct and proximate result of defendants Clean Earth and/or ABC Corps. 1-10 negligently training/failing to train plaintiff regarding the subject Sandvik machine, plaintiff was injured and ultimately died.

WHEREFORE, plaintiffs Jean and Geuerda Abelard as administrators of the Estate of Marven Abelard, demand judgment against defendants Clean Earth and ABC Corps. 1-10, jointly and severally for:

(a) Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

(b) Interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as is just and equitable.

### FOURTH COUNT

1. Plaintiffs repeat and reallege the allegations heretofore plead.

2. Plaintiffs seek recovery against all defendants of all damages permitted pursuant to the Wrongful Death Act.

4

WHEREFORE plaintiffs demand judgment against the defendants of compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

### FIFTH COUNT

1. Plaintiffs repeat and reallege the allegations heretofore plead.

2. Plaintiffs seek the recovery of all damages against all defendants permitted pursuant to the New Jersey Survivor's Act, including but not limited to all physical and emotional injuries suffered by Marven Abelard prior to his death.

WHEREFORE plaintiffs demand judgment against defendants for compensatory damages, interest, attorney's fees, and such further relief as the Court deems equitable and just.

### JURY DEMAND

A trial by jury is hereby demanded on all issues.

### DESIGNATION OF TRIAL COUNSEL

David A. Mazie, Esq. is hereby designated as trial counsel in the above captioned matter.

### DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

### DEMAND FOR INTERROGATORIES AND DISCOVERY

Plaintiff hereby demands that each defendant produce (i) certified answers to the Form C

5

and Form C(4) Interrogatories, and (ii) the following categories of documents, within the time prescribed by Court Rules:

1. Any and all copies or originals of any statements, written, oral or recorded, in the possession of the defendants, or anyone working on the defendants' behalf, from any party or witness regarding the incidents referred to in the complaint.

2. Any and all copies or originals of all documents in the possession of the defendants which support any defense or cross-claim being asserted by the defendants in the within litigation.

3. Any and all copies of any documents in defendants' possession with regard to the criminal history of any party, witness, or person with knowledge relevant to this action.

4. Any and all copies or originals of all medical reports, medical records, autopsy reports, coroner's report, medical examiner's reports, notes, x-rays and/or diagnostic test results in the possession of the defendants with regard to any medical condition or illness, at any time, of the decedent.

5. Any and all copies of any documents which defendants will utilize at trial, either as an exhibit marked for identification or as evidence.

6. Any and all copies or originals of each and every learned treatise, article, or any other scholarly or informational matter which defendants intend to utilize at the trial of this case either for use in defendants' case in chief, on cross-examination, on rebuttal, or at any other stage of the trial of this case.

7. Any and all reports, notes, memorandum, correspondence, records or other documents rendered by an expert in connection with this matter, regardless of whether or not such proposed expert witness would be used at the time of trial.

8. The reports of any and all experts who have reviewed any aspect of this case on behalf of the defendants or defendant's attorney and who have submitted a report orally or in writing to either defendants or defendants' attorney.

9. Any and all materials submitted by defendants or defendants' attorney or any representative of defendants to any expert who has reviewed the case on behalf of the defendant.

10. The exact pages of any and all published treatises, periodicals, articles or pamphlets or any other written literature upon which defendants and/or defendants' expert will rely upon at trial.

11. Copies of any and all documents relating to any investigation conducted prepared by the defendants, their agents, servants and/or employees that relate or in any way touch upon to the claims that form the basis of this Complaint.

12. Any and all video tapes, photographs and/or diagrams in the possession of the defendants or under their control regarding the plaintiff, the scene of the accident, the accident itself and/or any other matter touching upon or relating in any way to the subject matter of the plaintiff's claims.

13. Any and all documentation in defendants' possession with regard to the plaintiff.

14. Copies of all reports or documents received from the Central Index Bureau (CIB) with regard to the plaintiff, decedent or defendant.

15. Copies of all documents reflecting the purchase or any maintenance/repair of the machine which killed plaintiff.

16. Copies of all warnings posted at any time leading up to the date of the accident regarding the machine which killed plaintiff.

17. Copies of any OSHA investigation reports, including any statements taken by/given to OSHA, and any correspondence or other communications with OSHA.

18. Copies of any statements taken by/given to any state or federal entity including the police or prosecutor's office.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiffs

BY: _____
DAVID A. MAZIE

Dated: July 22, 2016

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding, and that no other parties are necessary to join at this time.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
DAVID A. MAZIE

Dated: July 22, 2016