**EDWARD CAPOZZI, ESQ. - 042602004**
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
ecapozzi@bracheichler.com
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN ABELARD and GUERDA ABELARD, as Administrators ad Prosequendum for the Estate of MARVIN ABELARD; <br><br>       Plaintiffs, <br><br> vs. <br><br> CLEAN EARTH, INC.; SANDVIK MINING & CONSTRUCTION USA, LLC; SANDVIK CONSTRUCTION MOBILE CRUSHERS & SCREENS, LTD.; EASTERN PROCESSING EQUIPMENT, INC. d/b/a PROMAC GROUP; SCREEN SERVICE TECHNOLOGY, INC. d/b/a ADVANCED EQUIPMENT SOLUTIONS; SANDVIK, LTD., SOLELY AS THE SUCCESSOR IN INTEREST TO EXTEC MOBILE CRUSHERS AND SCREENS, LTD., FORMERLY KNOWN AS SANDVIK MOBILE CRUSHERS AND SCREENS, LTD. ; and ABC CORPS. 1-10 (fictitious entities); <br><br>       Defendants. | Civ. No. 2:16-cv-05276 <br><br><br> **FIFTH AMENDED COMPLAINT & JURY DEMAND** |

Plaintiffs, Jean Abelard and Guerda Abelard, as Administrators ad Prosequendum for the Estate of Marven Abelard, by way of Complaint against the defendants, allege and say:

## JURISDICTION & VENUE

1. Former defendant, Sandvik, Inc., alleged in its Notice of Removal pleading that purportedly this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. Former defendant, Sandvik, Inc., also alleged in its Notice of Removal pleading that purportedly venue is proper pursuant to 28 U.S. C. §§ 1441, 1446(a).

## THE PARTIES

3. Defendant, Clean Earth, Inc., ("Clean Earth") is one of the largest processors of contaminated soils, dredged sediments, drill cuttings, industrial non-hazardous wastes, aerosol cans, consumer commodities, and hazardous wastes. Clean Earth maintains its principal place of business in Hatboro, Pennsylvania, but also has a location at 24 Middlesex Avenue, Carteret, New Jersey.

4. Defendant, Sandvik Mining and Construction USA, LLC ("SMC") is part of the Sandvik Group. SMC distributes, supplies and sells Sandvik equipment for mining, construction, and aggregate industries in the United States. Former defendant, Sandvik, Inc., alleged in its removal pleading that SMC purchased the product at issue in this case from defendant, Sandvik Construction Mobile Crushers and Screens, LTD, and SMC imported the product into the United States, subsequently selling it. Former defendant, Sandvik, Inc., also alleged that SMC's primary place of business is Florida. However, the Sandvik Group, and other sources, indicate that SMC's principal place of business is, or was recently, located at 300 Technology Court, Smyrna, Georgia. The Sandvik Group indicates that SMC maintains "production units" in Florida and Virginia; and "sales offices" in California, Wisconsin, Montana, Pennsylvania, Nevada, Wyoming, and Alaska.

5.     Defendant, Sandvik Construction Mobile Crushers and Screens, LTD, ("SCMCS") is another entity within the Sandvik Group. SCMCS develops, manufactures, and supplies "on a world wide scale" equipment for the mining and construction industries, and represents that its "products are backed by our worldwide network of technical assistance and support as well as our on-site service and training." Former defendant, Sandvik, Inc., alleged in its removal pleading that defendant, SCMCS, manufactured the product at issue in this case. Upon belief and information, SCMCS maintains its principal place of business at Hearthcote Road, Swadlincote, Derbyshire, DE11 9DU, United Kingdom.

6.     Defendant, Eastern Processing Equipment, Inc., d/b/a Promac Group, was an entity conducting business in the State of New Jersey with a place of business at 22 Nealy Boulevard, Trainer, Pennsylvania, 19061.

7.     Defendant, Screen Service Technology, Inc., d/b/a Advanced Equipment Solutions, was an entity conducting business in the State of New Jersey with a place of business at 22 Nealy Boulevard, Trainer, Pennsylvania, 19061.

8.     Defendant, Sandvik, Ltd., solely as the successor in interest to Extec Mobile Crushers and Screens, Ltd., formerly known as Sandvik Mobile Crushers and Screens, Ltd., (hereinafter "Sandvik, Ltd.") is the proper entity registered with the United Kingdom Companies House of the previously named defendant, Sandvik Construction Mobile Crushers and Screens, Ltd. Defendant, Sandvik, Ltd., manufactured the product at issue in this case. Defendant, Sandvik Ltd., maintains it principal place of business at Manor Way, Halesowen, West Midlands, B62 8QZ, United Kingdom.

9.     ABC Corps. 1-10 are fictitious entities (identities currently unknown) who were involved in the designing, manufacturing, repairing, maintaining, selling, and/or marketing the

Sandvik machine which injured the plaintiff and/or in training plaintiff on the machine.

## FACTS COMMON TO ALL COUNTS

10.    On May 2, 2016, Marven Abelard was employed by Reavan, Inc., doing business as Intelligent Resource Group ("Intelligent Resource"), a temporary employment agency. Reavan, Inc., doing business as Intelligent Resource Group, had placed Mr. Abelard at Clean Earth. Clean Earth was responsible for all machinery in its facility and for training Mr. Abelard and others coming into contact with that machinery. While Mr. Abelard was working with one of the machines manufactured by Sandvik (reportedly a Sandvik QE440), he was sucked into the machine and subsequently asphyxiated to death.

11.    The subject machine was designed, manufactured, distributed, supplied and/or sold by defendants, Sandvik Mining and Construction USA, LLC, and/or Sandvik Construction Mobile Crushers and Screens, LTD, and/or Sandvik, LTD, (collectively "Sandvik"), and/or Eastern Processing Equipment, Inc. d/b/a Promac Group and/or Screen Service Technology, Inc. d/b/a Advanced Equipment Solutions.

12.    On May 27, 2016, Marven Abelard's parents, Jean Abelard and Guerda Abelard, were appointed Administrators ad Prosequendum with authority to prosecute this lawsuit.

13.    Upon information and belief, on November 2, 2016, the Occupational Safety & Health Administration ("OSHA"), part of the U.S. Department of Labor, issued a Citation and Notification of Penalty ("Citation") to Avril Rance, Vice President of defendant, Clean Earth, related to Inspection No. 1144674. The OSHA Citation provides that the May 2, 2016, incident underlying this lawsuit constituted a "Serious" violation of 29 C.F.R. § 1910.147(c)(4)(ii) at Clean Earth's Carteret facility, providing specifically that Clean Earth "failed to develop and utilize . . .

control procedures to be used during the servicing, maintenance of equipment and clearing debris

hams, for the Sandvik QE440, Scalping Screener."

## FIRST COUNT

14.    Plaintiffs repeat and re-allege all allegations heretofore plead.

15.    The Sandvik machine and/or its component parts were manufactured, designed,

tested, advertised, marketed, distributed, and/or sold by Sandvik Mining and Construction USA,

LLC, and/or Sandvik Construction Mobile Crushers and Screens, LTD, and/or Sandvik, LTD,

and/or Eastern Processing Equipment, Inc. d/b/a Promac Group, and/or Screen Service

Technology, Inc. d/b/a Advanced Equipment Solutions, and/or ABC Corps. 1-10, and were

dangerously defective, unfit and unsafe for its intended and reasonably foreseeable uses in that the

machine did not safeguard against workers being sucked into it, nor contained an automatic kill

switch. Plaintiff's injuries and death are the result of manufacturing and/or warning and/or design

defects. As a result of the foregoing, defendants, Sandvik Mining and Construction USA, LLC,

and/or Sandvik Construction Mobile Crushers and Screens, LTD, and/or Sandvik, LTD, and/or

Eastern Processing Equipment, Inc. d/b/a Promac Group, and/or Screen Service Technology, Inc.

d/b/a Advanced Equipment Solutions, and/or ABC Corps. 1-10, are strictly liable in tort for their

wrongful conduct pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et. seq.*

16.    As a direct and proximate result of the Sandvik machine and/or its component parts

being defectively designed, manufactured, tested, distributed, marketed, supplied, inspected,

improperly maintained, improperly repaired, and/or sold by the defendants, Sandvik Mining and

Construction USA, LLC, and/or Sandvik Construction Mobile Crushers and Screens, LTD, and/or

Sandvik, LTD, and/or Eastern Processing Equipment, Inc. d/b/a Promac Group, and/or Screen

Service Technology, Inc. d/b/a Advanced Equipment Solutions, and/or ABC Corps. 1-10, plaintiff

was injured and ultimately died.

WHEREFORE, plaintiffs, Jean and Guerda Abelard, as administrators of the Estate of Marven Abelard, demand judgment against defendants, Sandvik Mining and Construction USA, LLC, and/or Sandvik Construction Mobile Crushers and Screens, LTD, and/or Sandvik, LTD, and/or Eastern Processing Equipment, Inc. d/b/a Promac Group, and/or Screen Service Technology, Inc. d/b/a Advanced Equipment Solutions, and/or ABC Corps. 1-10, jointly and severally for:

(a)     Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

(b)     Interest;

(c)     Attorneys' fees and costs; and

(d)     Such other and further relief as is just and equitable.

## SECOND COUNT

17.     Plaintiffs repeat and re-allege the allegations heretofore plead.

18.     Clean Earth and/or ABC Corps. 1-10 were responsible for maintaining and/or repairing the subject machine and/or its component parts, and they were negligent in their maintenance/repair of the machine.

19.     As a direct and proximate result of Clean Earth and/or ABC Corps. 1-10 negligently maintaining/repairing the Sandvik machine, plaintiff was injured and ultimately died.

WHEREFORE, plaintiffs, Jean and Guerda Abelard, as administrators of the Estate of Marven Abelard, demand judgment against defendants, Clean Earth and ABC Corps. 1-10, jointly and severally for:

(a)     Compensatory damages, including pain, suffering, emotional distress, medical

expenses, lost wages and other economic losses;

(b)    Interest;

(c)    Attorneys' fees and costs; and

(d)    Such other and further relief as is just and equitable.

### THIRD COUNT

20.    Plaintiffs repeat and re-allege the allegations heretofore plead.

21.    Clean Earth and/or ABC Corps. 1-10 were responsible for training/warning Mr. Abelard regarding use of the subject machine. Clean Earth and/or ABC Corps. 1-10 were negligent in their training of Mr. Abelard.

22.    As a direct and proximate result of defendants, Clean Earth and/or ABC Corps. 1-10 negligently training/failing to train plaintiff regarding the subject Sandvik machine, plaintiff was injured and ultimately died.

WHEREFORE, plaintiffs, Jean and Guerda Abelard, as administrators of the Estate of Marven Abelard, demand judgment against defendants, Clean Earth and/or ABC Corps. 1-10, jointly and severally for:

(a)    Compensatory damages, including pain, suffering, emotional distress, medical expenses, lost wages and other economic losses;

(b)    Interest;

(c)    Attorneys' fees and costs; and

(d)    Such other and further relief as is just and equitable.

### FOURTH COUNT

23.    Plaintiffs repeat and re-allege the allegations heretofore plead.

24.    Plaintiffs seek recovery against all defendants for all damages permitted pursuant

to the Wrongful Death Act.

WHEREFORE, plaintiffs demand judgment against the defendants of compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

## FIFTH COUNT

25.    Plaintiffs repeat and re-allege the allegations heretofore plead.

26.    Plaintiffs seek the recovery of all damages against all defendants permitted pursuant to the New Jersey Survivor's Act, including but not limited to all physical and emotional injuries suffered by Marven Abelard prior to his death.

WHEREFORE, plaintiffs demand judgment against the defendants of compensatory damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

## SIXTH COUNT

27.    Plaintiffs repeat and re-allege the allegations heretofore plead.

28.    In the event that the Court determines that plaintiff was an employee of Clean Earth, the plaintiff's claim against Clean Earth should not be precluded under the New Jersey Workers Compensation Act, N.J.S.A. 34:15-1, *et. seq.*

29.    Further, during the time that plaintiff worked at the Clean Earth work site, he was instructed by Clean Earth's safety officer to keep a distance of several hundred feet away from the Sandvik QE440 machine. Plaintiff was also advised to stay away from the Sandvik QE440 when it was in use. In fact, the Sandvik QE440 Operator's Manual, provides that a worker must

be properly trained and that there is a risk of "death or serious injury" with the machine. Among the warnings in the Manual are the following:

- "Training should be provided to make sure that safe working practices are followed. Initial commissioning and starting must only be undertaken by an authorized person who has read and fully understands the information provided in the manual pack;" "[a]ll work involving the equipment *MUST ONLY* be performed by trained, competent, reliable, and authorized persons only";

- "*NEVER* work alone";

- "*PERSONAL HAZARD*! Working in close proximity to running machine could cause serious injury or death";

- When checking whether the conveyor's "rollers and drums move freely," the task "MUST be carried out BEFORE the machine is started";

- "The following safety precautions must be adhered to when working on the conveyor belts. DANGER. PERSONAL HAZARD! Working in close proximity to running machinery could cause serious injury or death. Ensure machine is stopped, isolated, and tagged with the ignition key removed before ANY conveyor work is started . . . WARNING. PERSONAL HAZARD! lack of knowledge or understanding could cause severe injury or death . . . WARNING. ENTANGLEMENT HAZARD! Getting clothes or your self trapped in belt or rollers could cause serious injury or death";

- "Entanglement hazards. DANGER. 1. Loose clothing . . . or body parts can get caught in running machinery, which will result in death or serious injury . . . 3. DO NOT work close to machinery unless it is stopped" and "[t]o avoid death or serious injury, ALWAYS keep your hands and other body parts away from pinch points on the machine."

30.    Despite these warnings, plaintiff was directed by Clean Earth to work with the Sandvik QE440 alone. Specifically, in direct contravention of these warnings, plaintiff was told to use a metal scraper on a wooden handle to knock debris off a component of the QE440 while it was in use and operating. Additionally, the plaintiff was responsible for cleaning the rollers of the conveyor belt. Plaintiff was not properly trained prior to being assigned to work on the machine.

31.     Upon information and belief, in an egregious disregard for the safety of the workers at its facility in Carteret, New Jersey, defendant, Clean Earth, deliberately, knowingly, and recklessly, removed a conveyor safety guard from the subject Sandvik QE440, thereby causing the plaintiff to be sucked into the Sandvik QE440 and asphyxiated.

32.     Clean Earth knew with substantial certainty that plaintiff would be injured if he continued to work under these conditions. Nonetheless, Clean Earth required the plaintiff to continue to work in this dangerous environment. Additional intentional, deliberate, and reckless acts and/or omissions by Clean Earth, Inc. that show with substantial certainty that Marven Abelard would be seriously injured or killed at the work site include the following:

- deliberately, knowingly, and recklessly, removing the conveyor safety guards from all Sandvik QE440 machines when the machines arrived at the Clean Earth work site;

- deliberately, knowingly, and recklessly, removing the conveyor safety guards from Sandvik QE440 machines in order to hasten productivity of the machines by making them easier to clean as well as avoiding machine shutdowns as a result of clogs and debris build up on the conveyors of the machine;

- failing to provide formal training to temp workers, including Marven Abelard, with regard to the use and operation of the Sandvik QE440 at the Clean Earth work site;

- knowingly and deliberately assigning untrained temp workers, including Marven Abelard, to clean dirt and debris from the Sandvik QE440 while the Sandvik QE440 was unguarded and operating;

- knowingly and deliberately assigning untrained temp workers, including Marven Abelard, to use a wooden scraping tool to clean the Sandvik QE440 machine by inserting the tool into the machine while the machine was unguarded and operating;

- knowingly and deliberately failing to enforce safety rules regarding the Sandvik QE440 machine for its untrained temp workers, including Marven Abelard;

- only enforcing safety rules regarding the Sandvik QE440 machine when Clean Earth safety officers or high-profile supervisors were present;

- knowingly and deliberately concealing the removal of the safety guards on the Sandvik QE440 from its untrained temp workers, including Marven Abelard, thereby exposing the untrained temp workers to the risk of serious injury or death without the temp workers having any knowledge of such danger.

33.     As a result of Clean Earth's actions, plaintiff suffered severe injuries which led to his death. Plaintiff's injuries and the circumstances surrounding the infliction of those injuries are not the type of hazard of employment which the New Jersey legislature anticipated to be compensable under the Workers Compensation Act, N.J.S.A. 34:15-1, *et. seq.*

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, punitive damages, interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

## **JURY DEMAND**

A trial by jury is hereby demanded on all issues.

BRACH EICHLER, LLC

BY: _____
EDWARD CAPOZZI, ESQ.
Attorney for the Plaintiff

Dated: October 14, 2019